UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BOBBY LEE LAWRENCE,

                  Plaintiff,

v.                                              Case No. 3:20-cv-01451-BJD-PDB

WARDEN GLENN YOUNG,
et al.,

                  Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Bobby Lee Lawrence, an inmate of the Florida penal system,

initiated this action by filing a pro se Civil Rights Complaint (Doc. 1; Compl.),

with a memorandum (Doc. 2; Memo), a declaration (Doc. 5; Pl. Dec.), and a

motion to proceed in forma pauperis (Docs. 3, 4). Plaintiff names eleven

Defendants, including the Warden of Hamilton Correctional Institution, eight

corrections officers, the medical department, and the mental health

department.[1] Plaintiff's complaint is not a model of clarity. The gravamen of

his complaint appears to be what he summarizes in his declaration: that "the

---

[1] In his memorandum, Plaintiff identifies another potential Defendant, David Inch, who Plaintiff describes as the "Director/Commis[s]ioner of the State of Florida Department of Corrections." See Memo at 2. To the extent Plaintiff is referring to Mark Inch, the Secretary of the Florida Department of Corrections, Plaintiff's claim fails for reasons addressed later in this Order.

institution had put a hit out on [him]," and he was stabbed twice by separate inmates in the chow hall in 2019. See Pl. Dec. He describes his legal claims as follows:

> 1). Right to due process of law under the Fifth or Fourteenth Amendments. 2). Right to be free from the infliction of cruel and unusual punishment by the Eighth Amendment intentional denial of needed medical care [sic]. 3). Aggravated battery. 4). [D]eliberate indifference.

See Compl. at 7. As relief, Plaintiff seeks compensatory damages and injunctive relief. Id.; Memo at 5.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic

2

recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Plaintiff's complaint is subject to dismissal under the PLRA because he fails to "state a claim to relief that is plausible on its face." See Iqbal, 556 U.S. at 678. To state a claim under § 1983, a plaintiff must allege "a person" acting under the color of state law deprived him of a right secured under the United States Constitution or federal law. See 42 U.S.C. § 1983. "[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their

subordinates on the basis of respondeat superior or vicarious liability." <u>Cottone v. Jenne</u>, 326 F.3d 1352, 1360 (11th Cir. 2003).

The medical and mental health departments are not "persons" within the meaning of § 1983 and, thus, cannot be sued. Additionally, Plaintiff names the Warden and perhaps the Secretary of the Florida Department of Corrections based solely on the administrative positions those individuals hold. Such a theory of liability is not plausible under § 1983.

As to the officer-Defendants, Plaintiff fails to assert factual allegations against the following: Weston, Williams, Hall, Scott, and Gamble. Accordingly, he fails to state a claim against these individuals. Plaintiff also fails to state a plausible claim against the only two officers he mentions in his factual allegations: Davis and Norman. Plaintiff asserts the inmates who stabbed him were "working for Sgt. Norman and Capt. Davis." <u>See</u> Compl. at 5; Memo at 3.

Plaintiff's bald assertion that the inmates who attacked him were working for two officers is a mere conclusion unsupported by factual allegations. Plaintiff does not allege facts permitting the reasonable inference Defendants Norman or Davis arranged for inmates to attack him, allowed the attack to happen, or knew the inmates would do what they did. As such, Plaintiff's assertion amounts to no "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," which does not satisfy the federal pleading

4

standard. Iqbal, 556 U.S. at 678. See also Tani v. Shelby Cty., Ala., 511 F. App'x 854, 857 (11th Cir. 2013) (affirming dismissal of a complaint that alleged, as labels and conclusions, violations of various constitutional rights with no supporting facts to "explain what actions caused which violations").

Because Plaintiff fails to state a plausible claim for relief, this action will be dismissed. If Plaintiff believes officers Norman or Davis intentionally arranged to have him attacked by inmates, he may submit a new complaint. If Plaintiff chooses to file a new complaint, he should allege facts showing how the named Defendants are responsible for constitutional violations that caused injuries.[2]

Accordingly, it is

**ORDERED:**

1.     This case is **DISMISSED without prejudice**.

2.     The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

---

[2] Notably, Plaintiff does not explain what injuries he sustained. While he says he was stabbed and bleeding, he also says he ate his lunch after the first stabbing and was taken to medical after the second stabbing where medical personnel applied "glue on the wounds." See Memo at 3; Compl. at 6. To the extent Plaintiff suffered no more than minor injuries, any claim for damages may be barred by the PLRA. See 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.").

3.    The **Clerk** shall send Plaintiff a civil rights complaint form. If Plaintiff chooses to file a claim, he should not put this case number on the form because the Clerk will assign a new case number upon receipt.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of February 2021.

BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Bobby Lee Lawrence

6